THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD KAIL, Defendant-Appellant.

(No. 12781;

Fourth District—May 8, 1975.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield, for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

The defendant was convicted for the offense of burglary upon his plea of guilty and was sentenced to a term of 1 to 3 years' imprisonment. The defendant has appealed. The State appellate defender was appointed as counsel for the defendant on appeal, and that counsel has filed a motion to withdraw. Attached to the motion to withdraw is a brief conforming to the requirements of *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The proof of service shows service of that brief upon

the defendant. Upon its own motion, this court granted the defendant leave to file additional points and authorities, and none have been filed.

In discharging our responsibility, we have examined the record in this case. We have concluded, as has the appellate defender, that there are no justiciable issues for review and that any review would be frivolous. The defendant was represented at the trial level by the public defender. The indictment is sufficiently in the language of the statute and charges the defendant with the offense of burglary. The defendant withdrew his plea of not guilty and was allowed to enter a plea of guilty only after full compliance by the trial court with the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). Furthermore, the trial court determined that there was a factual basis for the plea and that the plea was made voluntarily.

A presentence report was prepared, and a sentencing hearing was held. The defendant was sentenced to a term of 1 to 3 years' imprisonment which is within the statutorily permissible bounds for the offense of burglary (Ill. Rev. Stat. 1973, ch. 38, pars. 19—1(b) and 1005—8—1(b)(3), (c)(3)). Although appellate counsel stated that any claim of excessiveness of this sentence was rendered moot because the defendant was admitted to parole during the pendency of this appeal, we do not have to decide whether that issue is moot, for our review of the record discloses that the defendant had a record of several prior misdemeanor convictions and that in view of the sentence imposed any appeal on the issue of the excessiveness of sentence would be frivolous.

Therefore, the motion to withdraw is allowed, and the conviction and sentence are affirmed.

Judgment affirmed.

SIMKINS, P. J., and TRAPP, J., concur.